**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Moises LUNA, also known as Luna Moises, also known as Moses Luna, Defendant–Appellant.**

**No. 05–20650**
**Conference Calendar.**

United States Court of Appeals, Fifth Circuit.

Oct. 25, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Brent Evan Newton, Assistant Federal Public, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM.*

Moises Luna appeals his sentence following his guilty plea conviction for illegal reentry after previous deportation. Luna contends that the district court erred in treating his Texas burglary of a habitation conviction as a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). As Luna

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

concedes, his argument has been rejected by this court. *See United States v. Valdez–Maltos,* 443 F.3d 910, 911 (5th Cir. 2006), *cert. denied,* —— U.S. ——, 127 S.Ct. 265, 166 L.Ed.2d 205 (2006); *United States v. Garcia–Mendez,* 420 F.3d 454, 456–57 (5th Cir.2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 1398, 164 L.Ed.2d 100 (2006).

Luna also challenges, in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than as elements of the offense that must be found by a jury. This issue is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Luna contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Luna properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.